IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS F. VIGIL,

      Plaintiff,

vs.                                                                                 No. CIV 03-477 JB/LFG

JEMEZ MOUNTAINS ELECTRIC COOPERATIVE;
MILO CHAVEZ, in his individual and official capacity; and
RAFAEL DE LA TORRE, in his individual and official capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on (i) the Defendants' Motion for Summary Judgment on Alleged Violations of the Indian Civil Rights Act 25 U.S.C. § 1302 Et. Seq, Defamation, Alleged Violations of the New Mexico Tort Claims Act and Alleged Violations of 42 U.S.C. § 1983, filed February 26, 2004 (Doc. 40); and (ii) the Defendants' Motion for Summary Judgment on Alleged Violations of 42 U.S.C. § 1981, Intentional Infliction of Emotional Distress, and Constructive Discharge, filed February 26, 2004 (Doc. 41). The Court held a hearing on these motions on May 14, 2004.[1] The primary issues are: (i) whether the Plaintiff, Dennis F. Vigil, may bring a cause of action under the Indian Civil Rights Act; (ii) whether the actions of the Defendants constitute state action under 42 U.S.C. § 1983; and (iii) whether Vigil has established a genuine issue

---

[1] The Court issued notice of this hearing on April 5, 2004, as part of its Order granting Vigil's motion for extension of time to answer the Defendants' motion for summary judgment. See Order at 1, filed April 5, 2004 ("The motion hearing on said motions set for Wednesday, April 7, 2004 at 9:00 a.m. is hereby vacated and rescheduled to take place on Friday, May 14, 2004 at 9:00 a.m. at the United States Courthouse, 333 Lomas Blvd. NW, "*Vermejo*" Courtroom, 4th Floor, Albuquerque, New Mexico."). Neither Vigil nor his counsel appeared at the hearing or gave notice of unavailability. The Court delayed the hearing fifteen minutes and attempted to reach counsel for Vigil before proceeding to hear the Defendants' arguments on their summary judgment motion and issuing an oral ruling consistent with this opinion.

of material fact on claims pursuant to 42 U.S.C. § 1981.  Because the Court finds that the Indian Civil Rights Act does not apply to any of Vigil's claims, that Vigil has not provided any evidence of state action in this case, and that Vigil has not created a genuine issue of material fact on his § 1981 claim, the Court will grant the motions as to all of Vigil's federal claims.  The Court will dismiss the federal claims, decline to exercise supplemental jurisdiction on Vigil's state law claims, and remand the remaining claims to state court.

## BACKGROUND

The Defendants included a detailed recitation of the background facts in their briefing and Vigil did not specifically dispute any of the facts listed in the Defendants' briefs.  Pursuant to D.N.M.L.R.-Civ. 56.1 (2002), a party opposing a motion for summary judgment must include a concise statement of all material facts on which the party relies to show a genuine issue of material fact exists.  In the absence of such a showing, the movant's statement of material facts is deemed admitted.  Thus, the Court adopts, and incorporates herein by reference, the Defendants' statement of facts.  See Defendants' Motion for Summary Judgment on Alleged Violations of 42 U.S.C. § 1981, Intentional Infliction of Emotional Distress, and Constructive Discharge ¶¶ 1-14, at 2-9.

## STANDARD FOR DETERMINING A MOTION FOR SUMMARY JUDGMENT

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  First Savings Bank, F.S.B. v. First Bank Sys., Inc., 101 F.3d 645, 650 (10th Cir. 1996)(quoting Fed. R. Civ. P. 56(c)).  "An issue of material fact is genuine if a reasonable jury could return a verdict for the non-moving party."  Id.

The summary judgment movant may meet its burden by pointing out the absence of evidence that could support the non-movant's case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). If the Defendants meet that burden, the burden then shifts to Vigil to prove that a genuine issue of material fact exists. See Pueblo of Santa Ana v. Kelly, 932 F. Supp. 1284, 1287-88 (D.N.M. 1996)(Vazquez, J.). The opposing party may not successfully resist entry of judgment merely by asserting that the pleadings raise a factual issue. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. at 256. If Vigil does not prove an essential element of his case for which he has the burden of proof at trial, summary judgment is warranted. See Celotex Corp. v. Catrett, 477 U.S. at 323; Pueblo of Santa Ana v. Kelly, 932 F. Supp. at 1288.

## LEGAL ANALYSIS

**I.   THE COURT WILL GRANT SUMMARY JUDGMENT ON VIGIL'S FEDERAL CLAIMS.**

**A.   CLAIMS UNDER THE INDIAN CIVIL RIGHTS ACT, 25 U.S.C. § 1302**

Congress' purpose and intention in creating the Indian Civil Rights Act ("ICRA") was to provide tribal courts with authority and direction to regulate tribal activities without creating a new cause of action. In fact, the ICRA's application in federal courts is only for the purpose of reviewing tribal court actions on habeas corpus petitions. See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 70 (1978)("[T]he ICRA was generally understood to authorize federal judicial review of tribal actions only through the habeas corpus provisions of § 1303."); Olguin v. Lucero, 87 F.3d 401, 404 (10th Cir. 1996)(applying Santa Clara Pueblo; "The ruling in Santa Clara was not fact specific, but rather, a detailed look at the legislative history of the statute culminating in the judicial interpretation that the Indian Civil Rights Act provides a federal remedy solely in habeas corpus proceedings.").

Vigil asserts alleged discriminatory practices by Defendant Jemez Mountains Electric Cooperative's management and its employees as a violation of the ICRA. Because Congress did not intend the ICRA to provide a basis for claims of discrimination through the state or federal courts of civil jurisdiction, Vigil may not pursue such claims under the ICRA. The Court will, therefore, grant summary judgment in favor of the Defendants on Vigil's claims under the ICRA.

### B.     CLAIMS UNDER 42 U.S.C. § 1983

To state a cause of action under 42 U.S.C. § 1983 for alleged violations of the Fourteenth Amendment and provisions of the Bill of Rights incorporated into the Fourteenth Amendment, the challenged conduct must constitute state action. See Johnson v. Rodrigues (Orozco), 293 F.3d 1196, 1202 (10th Cir. 2002); Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

> Under the [United States Supreme] Court's two-part framework for state action, we analyze: 1) whether the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority; and 2) whether the private party charged with the deprivation could be described in all fairness as a state actor. As to the second, this may be because the party is a state official, because it has acted together with or has obtained significant aid from state officials, or because its conduct is otherwise chargeable to the State. The rationale undergirding this state action examination is to preserve an area of individual freedom by limiting the reach of federal law and avoid the imposition of responsibility on a State for conduct that it could not control, but also to assure that constitutional standards are invoked when it can be said that the state is responsible for the specific conduct of which the plaintiff complains.

Tool Box v. Ogden City Corp., 316 F.3d 1167, 1175 (10th Cir. 2003).

Vigil asserts liability of Jemez, and of Defendants Milo Chavez and Rafael De La Torre, under § 1983, but does not provide any statement, reference or declaration of how the alleged discriminatory practices constitute state action. The record establishes that Jemez is a privately incorporated business. Because Vigil has provided the Court with no argument or evidence to

support a finding that Jemez, as a private entity, and Chavez and De La Torre, as private individuals, could be described in all fairness as state actors, the Court will grant summary judgment in favor of the Defendants on Vigil's claims under 42 U.S.C. § 1983.

### C. CLAIMS UNDER 42 U.S.C. § 1981

First, the Court notes that, while the Plaintiff argues that genuine issues of material fact exist with regard to his § 1981 claims that should preclude summary judgment, he does not point the Court to any specific factual disputes. The Court must, therefore, take as true the facts as the Defendants have stated them in their motion for summary judgment.

With regard to the question whether Vigil's claims are timely, both parties appear to be in agreement that Vigil may only assert claims for activities occurring before February 26, 2000 if he establishes that they were part of a "continuing violation." To determine whether a continuing violation exists, the Court looks at three factors that the Tenth Circuit outlined in Lewis v. Oklahoma, an unpublished opinion by Judge Ebel found at 42 Fed. Appx. 160: "(1) subject matter -- whether the violations constitute the same type of discrimination; (2) frequency; and (3) permanence -- whether the nature of the violations should trigger an employee's awareness of the need to assert [his] rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate." Id. at 165.

Vigil's complaints before February 26, 2000 are not demonstrably different from those after that date. Thus, to the extent that the actions falling within the statute of limitations period do not have any greater tendency to make Vigil aware of his need to assert his rights, he has not provided the Court with any explanation why he did not previously feel the need to come forward. Thus, under at least the third prong of the Court's analysis, the Court does not believe that Vigil has met the

standard for establishing a continuing violation. Thus, the claims arising before February 26, 2000 are time barred.

Even if the Court were to consider all of the claims Vigil has asserted under § 1981, however, the Court does not believe that Vigil has met his burden to establish a genuine issue of material fact with regard to those claims. The case law establishes that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 271 (2001)(per curiam)(internal quotation marks and citation omitted). See also Hicks v. Gates Rubber Co., 833 F.2d 1406, 1413 (10th Cir. 1987)("Casual comments, or accidental or sporadic conversation, will not trigger equitable relief pursuant to the statute.")(internal quotation marks and citation omitted). Vigil has not pointed the Court to evidence that the actions he complained of are sufficient, in the eyes of the Supreme Court or of the Tenth Circuit, to constitute a hostile working environment.

Further, § 1981 requires a showing of purposeful and intentional discrimination. As the Supreme Court concluded in General Bldg. Contractors v. Pennsylvania, 458 U.S. 375, 391 (1982): "§ 1981, like the Equal Protection Clause, can be violated only by purposeful discrimination." While the Court certainly does not condone the workplace humor demonstrated in this case, Vigil has not shown how the actions in this case constituted purposeful discrimination against him and because of his Native American heritage. The facts, as related by the Defendants in their motion for summary judgment, are not enough given the Supreme Court's requirement that a plaintiff show purposeful and intentional discrimination.

The Supreme Court has provided employers with an affirmative defense that applies in this case. If an employer shows: "(a) that the employer exercised reasonable care to prevent and correct

promptly any . . . harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise," the employer is entitled to an affirmative defense against both liability and damages. Burlington Indus. v. Ellerth, 524 U.S. 742, 765 (1998).

The evidence in this case is that Vigil did not report any harassment until the end of his time with Jemez, after which he left to pursue other employment opportunities. The record establishes that Jemez had in place policies against harassment and discrimination, and procedures to address any allegations of harassment or discrimination. Once Vigil complained to his employer, the grievance procedures went into effect and, the evidence shows, Vigil refused to participate in those procedures. Thus, the evidence before the Court -- without any specific dispute from Vigil -- establishes that the Defendants acted reasonably in attempting to address Vigil's complaints. But Vigil "unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer." Burlington Indus. v. Ellerth, 524 U.S. at 765. The Defendants are, therefore, entitled to invoke this affirmative defense to both liability and damages. The Court does not believe that Vigil has established a genuine issue of material fact with regard to his § 1981 claims and the Defendants are, therefore entitled to summary judgment on those claims.

## II.     THE COURT WILL REMAND VIGIL'S STATE LAW CLAIMS.

Vigil brings his remaining claims for Defamation, Alleged Violations of the New Mexico Tort Claims Act, Intentional Infliction of Emotional Distress, and Constructive Discharge under New Mexico state law. This Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367. The decision to exercise supplemental jurisdiction is within the Court's discretion. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988); Archuleta v. Lacuesta, 131 F.3d 1359,

1368 n.4 (10th Cir. 1997). There are no remaining federal claims. The defamation claim is distinct from the issues that the Court has decided. The Court will, therefore, remand the remaining state law claims for the state court to decide them.

**IT IS ORDERED** that the Defendants' Motion for Summary Judgment on Alleged Violations of the Indian Civil Rights Act 25 U.S.C. § 1302 Et. Seq, Defamation, Alleged Violations of the New Mexico Tort Claims Act and Alleged Violations of 42 U.S.C. § 1983, and the Defendants' Motion for Summary Judgment on Alleged Violations of 42 U.S.C. § 1981, Intentional Infliction of Emotional Distress, and Constructive Discharge, are granted in part and denied in part. The Court will dismiss Vigil's federal claims under the Indian Civil Rights Act, 25 U.S.C. § 1302, under 42 U.S.C. § 1981, and under 42 U.S.C. § 1983. The Court will decline to exercise supplemental jurisdiction over Vigil's state law claims and will remand his claims for Defamation, alleged violations of the New Mexico Tort Claims Act, Intentional Infliction of Emotional Distress, and Constructive Discharge to the First Judicial District, County of Santa Fe, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Russell Sacks
Albuquerque, New Mexico

 *Attorney for Plaintiff*

William Gralow
Lisa Pullen
Dan Olsen
Civerolo, Gralow, Hill, & Curtis, P.A.

 *Attorneys for Defendants*